IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GLACIER FILMS (USA), INC.,
and GLACIER FILMS 1, LLC,

              Plaintiffs,

      v.

HUMBERTO ALVARADO TENORIO,

              Defendant.

Case No. 3:15-cv-01729-SB

**FINDINGS AND
RECOMMENDATION**

---

**BECKERMAN, Magistrate Judge.**

Glacier Films (USA), Inc. ("Glacier Inc.") and Glacier Films 1, LLC ("Glacier LLC") (collectively, "Plaintiffs") bring this action against Humberto Tenorio ("Defendant"), alleging a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b), for entry of default judgment against Defendant. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. For the reasons that follow, the district judge should grant Plaintiffs' motion for default judgment (ECF No. 33).

Page 1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Glacier Inc. is a Delaware corporation that produces motion pictures, including the motion picture *American Heist* (the "Movie"), released in 2015. (First Am. Compl. ¶¶ 4, 6.) Glacier Inc. is the registered copyright holder of the Movie. (First Am. Compl. ¶ 8.) Glacier LLC is a motion picture production company based out of Louisiana. (First Am. Compl. ¶ 5.) Glacier LLC is the registered copyright holder of the screenplay for the Movie. (First Am. Compl. ¶ 9.)

Plaintiffs initiated this action on September 11, 2015, against a Doe defendant known only through an Internet Protocol ("IP") address. (Compl. ¶ 14.) In their initial complaint, Plaintiffs alleged that an individual used the IP address to copy and publish the Movie on July 20, 2015, via the BitTorrent network. (Compl. ¶¶ 14, 16.) During initial discovery, the Internet Service Provider (Comcast) identified Defendant as the subscriber associated with the IP address. (Taylor Decl. ¶ 4.) On March 31, 2016, Plaintiffs filed a First Amended Complaint naming Defendant as the infringer in this action.

Plaintiffs effected service on Defendant on April 8, 2016. ECF No. 26. Defendant did not file an answer within twenty-one days and, after being informed by *pro bono* counsel that Defendant would not oppose default, Plaintiffs moved for entry of default, which the clerk entered on May 6, 2016. ECF Nos. 27, 30. Plaintiffs now seek a default judgment permanently enjoining Defendant from engaging in infringing activity and awarding statutory damages in an amount to be determined by the Court.

## LEGAL STANDARDS

Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. *See* FED.

R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.") "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("The entry of a default, while establishing liability, 'is not an admission of damages.'")

Rule 55 provides that "after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13-cv-05553, 2015 WL 3429153, at *2 (N.D. Cal. May 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to Plaintiffs; (2) the merits of Plaintiffs' substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472 (citation omitted).

///

///

**DISCUSSION**

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003)). The factual allegations set forth in Plaintiffs' First Amended Complaint, which must be taken as true upon default, establish these elements in the present case. Accordingly, the Court concludes that a judgment of default is appropriate under the circumstances presented here. *See Voltage Pictures, LLC v. Martinez*, No. 3:15-cv-00002-AC, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015) (concluding that a judgment of default was appropriate where the factual allegations in the amended complaint, taken as true upon default, established that the two elements of a copyright claim were met).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If the Court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately, however, the district court is vested with a considerable amount of discretion in setting the amount of statutory damages. *See id*. at 1010 ("The district court has wide discretion in setting the amount of statutory damages under the Copyright Act."); *Broad. Music, Inc. v. Crocodile Rock Corp.*, No. 14-3891, ---- F. App'x ---- , 2015 WL 6602024, at *1 (3d Cir. Oct. 30, 2015) (explaining that courts

"have wide discretion in determining statutory damages," and so long as the "statutory damages award falls within the statute's prescribed limits," any subsequent review "is even more deferential than abuse of discretion").

Taking the allegations in the First Amended Complaint as true, Defendant willfully infringed Plaintiffs' copyright. (First Am Compl. ¶¶ 16, 17, 19); *see Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The district court entered default and Poof concedes that its default occurred with respect to a complaint that pled willfulness. Thus, all factual allegations in the complaint are deemed true, including the allegation of Poof's willful infringement of Andrew's trademarks.") Plaintiffs concede that the economic damages suffered as a result of Defendant's infringing activity are highly speculative and incalculable. (Mot. Default J. at 5.) Plaintiffs are also aware that judges in this district have generally awarded the statutory minimum of $750 in similar cases. *See Martinez*, 2015 WL 4772856, at *2 (so stating in a copyright case brought by Plaintiffs' current counsel); *see also Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, 2016 WL 3148401, at *3 (D. Or. May 12, 2016) (awarding the statutory minimum of $750 on entry of default judgment in copyright case involving the same movie, *American Heist*). Nevertheless, Plaintiffs maintain that the statutory damages awarded in this case should be "at least $2,500" to effect the intent of Congress, deter individuals from engaging in similar conduct, and to punish Defendant for his "blatant disregard of these proceedings." (Pls.' Mot. J. & Order at 6.)

The arguments advanced by Plaintiffs in support of a $2,500 statutory damage award are not persuasive. As this Court recently explained in *Glacier Films*:

> [C]ommon sense supports a conclusion that a $750 financial penalty for illegal downloading one movie is more than sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that

> it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same movie legally. This Court believes that the problem is not with the magnitude of the damages awarded, but the fact that the general public does not appear to be aware of the dozens of BitTorrent copyright infringement actions filed by Plaintiffs' counsel in this district alone.

*Glacier Films*, 2016 WL 3148401, at *3. The Court declines Plaintiffs' invitation to punish Defendant with a statutory damages award higher than $750 because he chose not to defend against this copyright infringement action. The Court is not aware of the reasons why Defendant chose not to appear and present a defense in this case, but notes that some individuals may choose to default merely due to the cost of federal court litigation, not for any nefarious reason that would support the award of enhanced statutory damages.[1] *See Blazek v. Capital Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wisc. 2004) ("A defendant may choose to default for any number of reasons including, for example, cost, or, as plaintiff in the present case points out, for reasons of strategy.") (internal citation omitted); *see also Wright v. Domain Source, Inc.*, No. 02-2525, 2002 WL 1998287, at *5 (N.D. Ill. Aug. 28, 2002) ("A party may choose to default, and the penalty for that is a default judgment.")

In sum, Plaintiffs have failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages. Accordingly, the Court recommends that the district judge award statutory damages in the amount of $750, and enter a permanent injunction consistent with the

---

[1] If defendants appear to defend these cases and sustain their burden of proving that the infringement was not willful, the Court has the discretion to reduce the statutory damage award to $200. *See Cobbler Nev. LLC v. Reardon*, No. 3:15-cv-01077-ST, 2015 WL 9239773 (D. Or. Dec. 16, 2015) ("[P]ursuant to 17 U.S.C. § 504(c)(2), the court has discretion to reduce the award to a sum not less than $200 where the 'infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright.'")

Page 6 - FINDINGS AND RECOMMENDATION

injunctions entered in related BitTorrent copyright cases. *See Martinez*, 2015 WL 4772856, at *4 (reaching a similar result); *Glacier Films*, 2016 WL 3148401, at *3 (reaching a similar result with respect to the Movie).

## CONCLUSION

For the foregoing reasons, the district judge should grant Plaintiffs' motion for default judgment (ECF No. 33).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 22nd day of June, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge