IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GLACIER FILMS (USA), INC. and<br>GLACIER FILMS 1 LLC,<br><br>              Plaintiffs,<br><br>     v.<br><br>HUMBERTO ALVARADO TENORIO,<br><br>              Defendant. | Case No. 3:15-cv-01729-SB<br><br>**FINDINGS AND<br>RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

      Plaintiffs Glacier Films (USA), Inc. ("Glacier Inc.") and Glacier Films 1 LLC ("Glacier LLC") (collectively, "Plaintiffs") bring this action for copyright infringement under 17 U.S.C. §§ 101 *et seq.*, against Defendant Humberto Alvarado Tenorio ("Defendant"), for the unlicensed copying, promotion, and distribution of Plaintiffs' motion picture titled *American Heist*. The original Complaint named an Internet Protocol ("IP") address, but Plaintiffs sought and obtained discovery from Internet Service Provider Comcast to identify the IP subscriber associated with the alleged

Page 1 - FINDINGS AND RECOMMENDATION

infringement of Plaintiffs' rights. Plaintiffs then sought and obtained a subpoena pursuant to Federal Rule of Civil Procedure ("Rule") 45 for the deposition of the identified non-party IP subscriber.

Although Defendant was identified as the IP subscriber, served with Plaintiffs' subpoena, and provided *pro bono* counsel, Defendant was non-responsive to Plaintiffs' communications. Defendant did, however, ask *pro bono* counsel to report that he would "not oppose a motion for a default judgment against him for the movie download alleged in the Complaint in this action." (Notice of Completion, at 1.) After the Clerk of Court entered a default as to Defendant on May 6, 2016, the Court entered a default judgment in Plaintiffs' favor on July 13, 2016.

Now before the Court are Plaintiffs' motion for attorney fees and a cost bill. Defendant has not filed objections to either the motion for attorney fees or cost bill. For the reasons explained below, the Court recommends that the district judge grant Plaintiffs' bill of costs (ECF No. 45), and grant in part Plaintiffs' motion for attorney fees (ECF No. 46).

## LEGAL STANDARDS

"A district court's disposition of a motion for attorney's fees must 'provide a reasonably specific explanation for all aspects of a fee determination' in order to allow for 'adequate appellate review.'" *Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632, 2016 WL 3621272, at *1 (D. Or. July 5, 2016) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010)). The preferred method of calculating reasonable attorney fees is the "lodestar" method because it "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case," and because it is "readily administrable" and "objective." *Id*. Although the lodestar method "yields a fee that is

presumptively sufficient," the fee may be adjusted by the district court under certain circumstances. *Id*.

"The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate." *Id*. (citing *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)). Courts should take into consideration certain reasonableness factors in making this lodestar calculation, "including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel." *Id*. (citing *Perdue*, 559 U.S. at 553-54, and *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013)). Courts should also review the billing records submitted by the party seeking an award of fees, and exclude hours "'that are excessive, redundant, or otherwise unnecessary.'" *Id*. (quoting *McCown*, 565 F.3d at 1102).

When determining the reasonable hourly rate, courts refer to the "prevailing market rates in the relevant community," which is usually the "forum in which the district court sits." *Id*. at *2 (citations omitted). In most instances, affidavits from the "plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Oregon courts have also looked to Oregon State Bar Economic Survey, which includes data on attorney billing rates based on practice type, geographic area, and years of practice. *Gallatin*, 2016 WL 3621272, at *2.

//
//

Page 3 - FINDINGS AND RECOMMENDATION

# DISCUSSION

A.   **Plaintiffs' Bill of Costs**

A federal court may tax specific items as costs against a losing party pursuant to Rule 54(d)(1). *See* 28 U.S.C. § 1920 (listing appropriate costs to be taxed). Although the Court has discretion to deny costs, Rule 54(d)(1) creates a presumption in favor of awarding costs. *See Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 758 (9th Cir. 2010).

Plaintiffs seek costs in the amount of $658.25, representing the filing fee ($400), costs charged by Comcast for compliance with the subpoena ($70), costs associated with the service of the Rule 45 subpoena and First Amended Complaint ($113.25), and the cost for a court reporter to appear at Defendant's deposition, to which he did not show ($75). These costs are permissible under § 1920, and the Court finds that the costs are reasonable.

B.   **Plaintiffs' Motion for Attorney Fees**

   1.   **Plaintiff Fee Awards in Mass Copyright Litigation.**

The undersigned has concluded that fee shifting to defendants in mass BitTorrent copyright litigation is inappropriate, where the defendants are already being forced to pay a high cost for illegally downloading a single movie. *See, e.g., Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time*, No. 3:15–cv–01550-SB, 2016 WL 4238639 (D. Or. Aug. 10, 2016) (denying plaintiff's motion for attorney fees); *Glacier Films (USA), Inc. v. Turchin*, No. 3:15-cv-01817-SB, 2016 WL 4251581 (D. Or. Aug. 10, 2016) (same), *appeal docketed*, No. 16-35688 (9th Cir. Aug, 26, 2016). A fee award in these cases is unnecessary to deter future copyright infringement, in light of the fact that defendants are also required to pay a statutory damage award and a cost bill. In this case, Tenorio will be required to pay the $750 minimum statutory damage award, and $658.25 in

costs, for a total penalty of $1,408.25, for illegally downloading a single movie on the Internet. Plaintiffs will be allowed to recover this amount from Tenorio by garnishing his wages, or seizing his non-exempt property. Adding a fee award on top creates an inequitable outcome that is inconsistent with the purposes of the Copyright Act. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524, 534 (1994) (holding that "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion[,]" and "the policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement.").

The threat of fee-shifting in these BitTorrent cases has created an unjust scenario in this and other districts, in which enterprising plaintiffs' counsel can demand thousands of dollars to settle these cases before the subscriber is even named as a defendant, because the cost of federal litigation is prohibitive (for one party, let alone paying for both parties' attorney fees). A startling number of subscribers are failing to show up for Rule 45 depositions, and alleged infringers are more often than not choosing default judgments over litigation. By allowing this scenario to occur for several years now, the federal courts are not assisting in the administration of justice, but are instead enabling plaintiffs' counsel and their LLC clients to receive a financial windfall by exploiting copyright law. A fee award to Plaintiffs here only contributes to the continued overaggressive assertion and negotiation of BitTorrent copyright claims. *See Kirtsaeng v. John Wiley & Sons, Inc.*, — U.S. —, 136 S. Ct. 1979, 1985, 1989 (2016) (reiterating, in a unanimous decision, that "§ 505 grants courts wide latitude to award attorney's fees based on a totality of circumstances in a case[,]" and noting that a court should consider the need to "deter . . . overaggressive assertions of copyright claims"). For these reasons, discussed in more detail in *Popcorn Time* and *Turchin*, it is the undersigned's position that the district judge should deny Plaintiff's motion for attorney fees.

      **2.**      **Any Fee Award Should Exclude Clerical Tasks, and Should be Reduced for Boilerplate Filings.**

If the district judge disagrees with the analysis set forth above, the undersigned recommends that the district judge award attorney fees only for legal work performed. Attorney Drew Taylor has billed for clerical and ministerial tasks that should not be included in a fee award, and his entries for preparing boilerplate pleadings and motions should be reduced. (*See* Pls' Mot. for Att'y Fees and Costs, Ex. 1.) In cases like this one that end in a default judgment without an appearance by the defendant, all of the filings are identical to the filings by Plaintiffs' counsel in the numerous other BitTorrent cases prosecuted in this district, and require only cutting and pasting a few names and dates prior to filing. Indeed, it is this "factory line" approach that allows Plaintiffs' counsel to file, and settle, hundreds of these cases without any meaningful litigation.

As set forth in more detail below, most of the tasks included in Mr. Taylor's time record are clerical, and should not be included in the fee award. *See Missouri v. Jackson*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Neil v. Comm'r of Soc. Sec.*, 495 Fed. Appx. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [plaintiff] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"); *see also Compass Bank v. Morris Cerullo World Evangelism*, No. 13:CV-0654-BAS (WVG), 2015 WL 3442030, at *8 (S.D. Cal. May 28, 2015) (reducing billing entries due to a finding that "certain tasks were ministerial and did not require an attorney to perform[,]" including drafting a revised subpoena, preparing instructions for service, and phone calls and emails to reschedule deposition); *Bailey v. Colvin*, No. 3:12-CV–01092-BR, 2013 WL 6887158, at *4 (D. Or. Dec. 31,

2013) (denying fee award for "'draft/file complaint, service of process and IFP application," because "the Court may not award fees for clerical work even when the work is performed by attorneys"); *Doran v. Corte Madera Inn Best W.*, 360 F. Supp. 2d 1057, 1061 (N.D. Cal. 2005) (awarding no fees for drafting correspondence, because "such letters could have been prepared by non-billing staff with no attorney time").

The Court also recommends that the district judge reduce the time that Mr. Taylor spent on preparing form pleadings and motions, because Plaintiffs' counsel has filed identical pleadings and motions in numerous other BitTorrent cases in this district, and modifying the papers to cut and paste names and dates should not take more than a few minutes. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007) (holding that district court did not err in reducing time for preparation of "boilerplate" motion); *Webb v. Sloan*, 330 F.3d 1158, 1170 (9th Cir. 2003) (holding that the district court's reduction of hours submitted to prepare a motion by half was not an abuse of discretion where the district court concluded that preparing the motion "demanded little of counsel's time"); *see also Johnson v. Chan*, No. 2:14-cv-01671-JAM-EFB, 2016 WL 4368104, at *2 (E.D. Cal. Aug. 15, 2016) (reducing requested fees because the "boilerplate nature of the filings in this case indicate that it should have taken [plaintiff's counsel] little time to draft the complaint, discovery requests, and attorneys' fees motion"); *Cobbler Nevada, LLC v. Reardon*, No. 3:15-cv-01077-ST, 2015 WL 9239773, at *3 (D. Or. Dec. 16, 2015) (finding that each task submitted by plaintiff's counsel "should not take more than 15 minutes each" because all of plaintiff's pleadings "are the same forms used by plaintiff's attorneys in numerous similar cases filed in this court" and "[p]resumably the letters he sent to the IP subscriber also are form letters[,]" and that, therefore, "the number of hours requested is excessive and should be reduced by at least half"); *Dallas Buyers Club,*

*LLC v. Madsen*, No. C14-1153RAJ, 2015 WL 6680260, at *6 (W.D. Wash. Nov. 2, 2015) (noting that "[n]umerous other courts confronted with similar BitTorrent cases have drastically reduced the amount of attorneys' fees awarded" and that "[t]hose cases have explained that these cases amounted to something akin to 'form-pleading' necessitating little, if any, legal skill or attention") (collecting cases); *Joe Hand Prod. v. Holmes*, No. 2:12-cv-00535-SU, 2015 WL 5144297, at *10 n.8 (D. Or. Aug. 31, 2015) ("The Court 'is wary of granting unreasonable fees for similar work done in . . . virtually identical cases where seemingly boiler-plate pleadings are utilized.'") (citations omitted); *Doran*, 360 F. Supp. 2d at 1062 (reducing amount of time submitted for drafting complaint, where complaint was "a form pleading that is identical in all substantive respects to complaints used in [seventy-three] other ADA lawsuits"); *cf. QOTD Film Inv. Ltd., v. Starr*, No. C16-0371RSL, 2016 WL 5817027, at *4 (W.D. Wash. Oct. 5, 2016) (W.D. Wash. Oct. 5, 2016) (reducing hourly rate sought by plaintiff's counsel in mass copyright litigation, noting that in BitTorrent cases,"[a]t this point, form filings and standardized procedures are the norm"); *Dallas Buyers Club v. Bui*, No. C14-1926RAJ, 2016 WL 1242089, at *5 (W.D. Wash. Mar. 30, 2016) (reducing hourly rate sought by plaintiff's counsel in mass copyright litigation, based on finding that "[i]t simply does not require extensive knowledge in the area to prepare nearly identical subpoenas to ISP, draft substantially identical letters, communicate with process servers, and to request default judgment against a particular party").

Plaintiffs seek $1,291.50 in attorney fees, representing 7.38 hours of work by Mr. Taylor, at an hourly rate of $175.00. The Court finds that Mr. Taylor's proposed $175 hourly rate is reasonable, as Mr. Taylor was admitted to practice in 2013, and the most recent Oregon State Bar economic survey indicates that the median rate in the Portland area for an attorney with 0-3 years of practice

is $175 per hour. *See Gallatin*, 2016 WL 3621272, at *2 (finding Mr. Taylor's $175 hourly rate to be reasonable, in light of Oregon State Bar economic survey). However, the Court concludes that most of the tasks submitted by Mr. Taylor were clerical or boilerplate, and should not be included in the fee award, as set forth below:

|  | Date | Time | Notes | Allowance |
|---|---|---|---|---|
| 1. | 7/18/16 | .2 | Research forwarding address; draft and file Notice of Returned Mail and Exhibit 1. | Not allowed - clerical. |
| 2. | 5/20/16 | 1.3 | Draft and file Motion for Default Judgment and Declaration in Support; Certificate of Service. Mail copies to defendant. | **.25** for drafting boilerplate Motion for Default Judgment.[1] Remaining tasks are clerical. |
| 3. | 5/2/16 | .55 | Draft and file Motion for Entry of Default, Declaration in support and Certificate of Service. Mail copies to defendant and email NEF to former atty Geringer. | **.25** for drafting boilerplate Motion for Entry of Default. Remaining tasks are clerical. |
| 4. | 4/18/16 | .15 | File Summons return. | Not allowed - clerical. |
| 5. | 3/31/16 | .45 | Review file; Draft and file First Amended Complaint and Proposed summons; send FAC, Summons, and Case Management Order out for service on defendant. | **.25** for drafting boilerplate Complaint. Remaining tasks are clerical. |
| 6. | 2/4/16 | .3 | Draft and file Third Motion for Extension of Time and Report to the Court. | Not allowed - boilerplate/clerical. |

---

[1] Arguably, all of the pleadings and motions filed in this case to date could have been drafted by non-billing staff without attorney time, as every pleading and motion is a cut-and-paste template. (*See* ECF Nos. 1, 2-3, 7, 9-10, 12, 14-17, 24, 27-29, 33-35, 43, 45-48.)

Page 9 - FINDINGS AND RECOMMENDATION

|     | Date | Time | Notes | Allowance |
|-----|------|------|-------|-----------|
| 7.  | 1/25/16 | .6 | Draft and file Motion to Compel, Declaration in Support, Exhibits 1-3, and Certificate of Service; Mai copies along with cover letter to subscriber. | **.25** for drafting boilerplate Motion to Compel and Declaration in Support. Remaining tasks are clerical. |
| 8.  | 1/5/16 | .2 | Draft and send letter and Notice of Court proceeding to subscriber (after FTA to deposition). | Not allowed - clerical. |
| 9.  | 12/10/15 | .3 | Draft and file Second Motion for Extension of Time and Report to the Court. | Not allowed - boilerplate/clerical. |
| 10. | 12/2/15 | .4 | Draft and send out for personal service FRCP 45 subpoena, check for mileage and appearance fee, copy of court Order/Opinion, and cover letter. | Not allowed - clerical. |
| 11. | 11/11/15 | .6 | Draft and file Motion for Leave to Issue FRCP 45 Subpoena to subscriber, Proposed Subpoena (Exhibit 1) and Certificate of Service; Draft cover letter and email copies to subscriber. | Not allowed - boilerplate/clerical. |
| 12. | 11/3/15 | .2 | Draft and send follow up letter to subscriber. | Not allowed - clerical. |
| 13. | 10/27/15 | .3 | Review subpoena response; research subscriber; Draft and send initial letter to subscriber. | Not allowed - clerical. |
| 14. | 10/27/15 | .4 | Review file; Draft and file Motion for Extension of Time and Report to the Court. | Not allowed - boilerplate/clerical. |
| 15. | 9/15/15 | .5 | Draft cover letters and subpoena; serve subpoena on Comcast via personal service to CT Corp, US Mail, and email. | Not allowed - clerical. |

|     | Date    | Time | Notes                                                                                              | Allowance                                                                       |
|-----|---------|------|----------------------------------------------------------------------------------------------------|---------------------------------------------------------------------------------|
| 16. | 9/11/15 | .53  | Draft and file Complaint, Corporate Disclosure Statement and Motion for Expedited Discovery (apportioned). | **.25 allowed** for drafting boilerplate Complaint and Motion for Expedited Discovery. |
| 17. | 9/10/15 | .4   | Conduct pre-filing investigation (apportioned).                                                    | Not allowed - clerical.                                                          |
|     |         |      | **Total:**                                                                                         | **1.25 hours x $175/hour = $218.75**                                             |

(*See* Pls' Mot. for Attorney Fees and Costs, Ex. 1.)

The Court concludes that 1.25 hours of Mr. Taylor's time is appropriately included in the fee award (at a billing rate of $175/hour), for a total fee award of $218.75.

## CONCLUSION

For the reasons stated, the district judge should GRANT Plaintiffs' bill of costs (ECF No. 45) in the amount of $658.25, and if the district judge is inclined to GRANT Plaintiffs' motion for attorney fees (ECF No. 46), he should award counsel $218.75 in attorney fees.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

//

//

//

//

//

If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 22nd day of November, 2016.

_____
STACIE F. BECKERMAN
United States Magistrate Judge